CHARLES D. FOULKES *vs.* GEORGE A. NEVERS, et. al.

Penobscot.    Opinion October 15, 1920.

*Real action.   Sale of land for taxes in unincorporated places.   Deed of State Treasurer, ineffectual by reason of insufficient description in advertisement of the list of assessment.*

In a real action brought to recover real estate in an unincorporated place sold by the State for State and County taxes assessed thereon, in accordance with the provisions of R. S. of 1903, Chap. 9, Sec. 41 et seq., as amended by the Laws of 1905, Chaps. 69 and 150, and Chap. 226 of 1909, where the plaintiff relies on or claims under a deed from the Treasurer of the State of Maine, obtained through a sale of said land as aforesaid, where said land was described in the advertisement of the list of the assessment as follows:—"Penobscot County, 6 R. 7, W. E. L. S. 320, 6,90." and the list signed by the Treasurer of State, the plaintiff can not prevail, for the reason that the land demanded was not sufficiently described in the list advertised, and said deed is utterly ineffectual to pass any title to any specific tract or acre of land or to convey any title whatever.

This is a real action to recover a certain tract of land in the northwest part of Township No. 6, Range 7, W. E. L. S., known as the "Seboeis Farm," in Penobscot County, containing three hundred and twenty acres, more or less. The land was sold for State and County taxes assessed thereon for the year 1907, by the State under R. S. of 1903, Chap. 9, Sec. 41 et. seq., as amended by the Laws of 1905, Chaps. 69 and 150, and Chap. 226 of 1919, and the State Treas-

urer gave a deed of it to the plaintiff upon which he relies. Defendants claim that in several respects the substantial requirements of the statutes authorizing a sale of land for taxes in unincorporated places were not strictly complied with. The land in question was described in the advertisement of the list of the assessment as follows:— "Penobscot County, 6 R. 7, W. E. L. S. 320, 6, 90," and the list was signed by Pascal P. Gilmore, Treasurer of State. The description in the list, so advertised, of the land demanded is not sufficient. Plea the general issue. At the completion of the testimony, by agreement of the parties, the case was reported to the Law Court for the full determination of all the rights of the parties under so much of the evidence as was legally admissible. Judgment for the defendant.

Case stated in the opinion.

*P. B. Gardner, and J. S. Williams,* for plaintiff.

*Ryder & Simpson, and C. P. Connors,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. This is a real action brought to recover a certain tract of land in the northwest part of Township No. 6, Range 7, W. E. L. S., known as the "Seboeis Farm," according to a plan and survey of said Township made by Frank Fisk, containing three hundred and twenty (320) acres, more or less, in Penobscot County, and comes before this court on report.

The plaintiff claims under a deed from the Treasurer of the State of Maine, obtained through a sale of said land for the State and County taxes assessed thereon for the year 1907, and that the proceedings herein were in accordance with the provisions of R. S. of 1903, Chap. 9, Sec. 41 et seq., as amended by the Laws of 1905, Chaps. 69 and 150, and Chap. 226 of 1909.

The plaintiff says that he has established his title in full compliance with the requirements of the statute, and that no defect therein fatal to such title is, or can be shown.

The defendants' counsel in their brief claim that in several respects the substantial requirements of the statutes authorizing a sale of land for taxes in unincorporated places have not been strictly complied with.

It will be necessary to consider but one of the provisions and plaintiff's proceeding thereunder. R. S., Chap. 9, Sec. 42, 1905, Chap. 69, Sec. 2, 1909, Chap. 235, 1916, Chap. 10, Sec. 44, provides: "When the legislature assesses such state tax, the treasurer of state shall within three months thereafter cause the lists of such assessments, together with the amounts of the county tax on said lands so certified to him, both for the current year, to be advertised for three weeks successively in the state paper, and in some newspaper, if any, printed in the county in which the land lies, and shall cause like advertisement of the lists of such state and county taxes for the following year to be made within three months after one year from such assessment."

The record shows that the land in question was described in the advertisement of the assessment as follows:—

"Penobscot County

6 R. 7, W. E. L. S. 320, 6, 90," and the list was signed by Pascal. P. Gilmore, Treasurer of State. We think the land demanded was not sufficiently described in the list so advertised, and in consequence the plaintiff has failed to show a compliance with the statute, and therefore cannot prevail in this action.

It has been uniformly held in numerous decisions of this court that such a description in a deed is utterly ineffectual to pass any title whatever. *Larrabee* v. *Hodgkins*, 58 Maine, 412; *Griffin* v. *Creppin*, 60 Maine, 270; *Moulton* v. *Egery*, 75 Maine, 485; *Skowhegan Savings Bank* v. *Parsons*, 86 Maine, 514; *Millett* v. *Mullen*, 95 *Maine*, 400; *Powers* v. *Sawyer*, 100 Maine, 536. See *Hatch* v. *Hollingsworth & Whitney Co.* 113 Maine, 255.

The entry will be,

　　　　　　　　　　　　　　*Judgment for the defendant.*